**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| LORI J. LYNN AND JAVIER | ) | |
| GONZALEZ, individually and on behalf of | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | **Case No. 4:15-cv-00916-AGF** |
| v. | ) | |
| | ) | |
| BOARD OF DIRECTORS OF PEABODY | ) | |
| HOLDING COMPANY, LLC, BOARD OF | ) | |
| DIRECTORS OF PEABODY INVESTMENTS | ) | |
| CORP., GREGORY H. BOYCE, MICHAEL C. | ) | |
| CREWS, SHARON D. FIEHLER, WALTER L. | ) | |
| HAWKINS, JR., D.L. LOBB, JULIE A. NADOLNY, | ) | |
| RETIREMENT COMMITTEE OF PEABODY | ) | |
| INVESTMENTS CORP. EMPLOYEE | ) | |
| RETIREMENT ACCOUNT, RETIREMENT | ) | |
| COMMITTEE OF PEABODY WESTERN-UMWA | ) | |
| 401(K) PLAN, RETIREMENT COMMITTEE OF | ) | |
| BIG RIDGE, INC. 401(K) PROFIT SHARING PLAN | ) | |
| AND TRUST, PATRICK J. FORKIN, JEANE L. | ) | |
| HULL, GEORGE J. SCHULLER, JR., ANDREW P. | ) | |
| SLENTZ AND DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO**
**DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**

Since Defendants filed their reply in support of their Motion to Dismiss Plaintiffs'

Second Amended Complaint ("SAC"), two courts have issued decisions that further support

Defendants' Motion.  First, a decision of the United States Court of Appeals for the Fifth Circuit,

*Whitley v. BP, P.L.C.*, No. 15-20282, 2016 WL 5387678 (5th Cir. Sept. 26, 2016), directly

addresses the correct standard to evaluate non-public information claims under *Fifth Third*

*Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), and confirms that Plaintiffs' Non-Public

Information Claim fails to satisfy *Dudenhoeffer*'s strict requirements.  Second, a decision of the

United States District Court for the Northern District of Texas, *In re 2014 RadioShack ERISA*

**Ex. A**

*Litigation*, No.  4:14-cv-959-O (N.D. Tex. Sept. 29, 2016), rejects many of the arguments Plaintiffs make here in support of their Public Information Claim.

### A.   *Whitley* confirms that Plaintiffs' Non-Public Information Claim fails

The Fifth Circuit's *Whitley* opinion reinforces that Plaintiffs' Non-Public Information Claim fails to state a claim under *Dudenhoeffer*.  *See* Defs.' Mem. of Law in Support of Mot. to Dismiss (Dkt. 84) at 13-14.   In *Whitley*, participants in ERISA-governed retirement plans sponsored by an affiliate of BP, p.l.c. ("BP") alleged that the plans' fiduciaries breached their duties by allowing the plans to purchase and hold BP stock when they knew or should have known that the stock was artificially inflated.[1]  Plaintiffs alleged that, rather than continuing to invest in the stock funds, the defendants could have disclosed the negative inside information to the market or frozen purchases of BP's stock.  *Whitley*, 2016 WL 5387678 at *1 (Ex. B).  The district court held that the plaintiffs satisfied *Dudenhoeffer*'s test for non-public information claims because it could not determine "that *no* prudent fiduciary would have concluded that [the alternative actions] would do *more good than harm*."  *Id.* at *4 (emphasis in original).

The Fifth Circuit reversed and remanded, holding that the district court misapplied *Dudenhoeffer*.  The Fifth Circuit confirmed that the correct standard under which to evaluate alternative actions proposed by plaintiffs is whether "a prudent fiduciary in the same circumstances would not have viewed [the action] as *more likely to harm the fund than to help it*."  *Id.* at *4 (quoting *Dudenhoeffer*, 134 S. Ct. at 2472) (emphasis in original).   Under this standard, "the plaintiff bears the significant burden of proposing an alternative course of action so clearly beneficial that a prudent fiduciary *could not conclude* that it would be more likely to harm the fund than to help it."  *Id.* (emphasis in original).  The district court's formulation of this

---

[1] The plaintiffs alleged that BP had not disclosed certain operational safety issues until the April 2010 explosion at the *Deepwater Horizon* drilling rig.  *See Whitley*, 2016 WL 5387678 at **1, 4 (Ex. B).

standard was "not equivalent."  *Id.*  The Fifth Circuit concluded that, under the correct *Dudenhoeffer* standard, neither public disclosure nor freezing purchases of BP stock supported a non-public information claim against the defendants, as "a prudent fiduciary could very easily conclude that such actions *would* do more harm than good."  *Id.* (emphasis in original).

Like the Second Circuit's opinion in *Rinehart v. Lehman Brothers Holdings Inc.*, 817 F.3d 56, 68 (2d Cir. 2016),[2] *Whitley* confirms that, to state a claim that ERISA fiduciaries should have acted on non-public information, a complaint must allege an alternative action that *no* prudent fiduciary could have concluded would do more harm than good.  This is materially different from the standard advanced by Plaintiffs here: whether "*another* fiduciary could conclude [the action] would *not* have done more harm than good to the Peabody Stock Fund."  Pls.' Mem. of Law in Opp. to Defs.' Mot. to Dismiss (Dkt. 88) at 12 (emphasis added).  *Whitley* further held that the same alternative actions proposed by Plaintiffs here—freezing the stock fund and disclosing negative inside information—did not satisfy *Dudenhoeffer*'s "more harm than good" standard.  *Whitley*, 2016 WL 5387678, at *4.

**B.    *RadioShack* confirms that Plaintiffs' Public Information Claim fails**

*In re RadioShack ERISA Litigation* reinforces that Plaintiffs have also failed to allege that Defendants should have known from public information that Peabody stock was an imprudent investment.  In fact, *RadioShack* dismissed the same arguments that Plaintiffs made here for the existence of "special circumstances" to support their claim under *Dudenhoeffer*.[3]

---

[2] *See also* Defs.' Mem. of Law in Support of Mot. to Dismiss (Dkt. 84) at 2, 5, 6.

[3] The district court also held that the plaintiffs' non-public information claim failed because plaintiffs had not met their burden of sufficiently alleging what inside information the defendants possessed.  *In re RadioShack*, slip. op. (Ex. C) at 25.  The court noted that the plaintiffs—who alleged that defendants could have disclosed the negative inside information or frozen purchases of company stock—had "overlooked" *Dudenhoeffer*'s requirements that plan fiduciaries not be required to break the securities laws and have some alternative action available that no prudent fiduciary could conclude would do more harm than good.  *Id.* at 25-26.

**Ex. A**

The plaintiffs in *RadioShack* alleged that the defendants breached their fiduciary duties by maintaining investment in company stock as RadioShack—like Peabody—declined into bankruptcy.  *In re RadioShack*, slip. op. (Ex. C) at 2.  The *RadioShack* plaintiffs, like Plaintiffs here, alleged the following "special circumstances": the defendants withheld material non-public information; RadioShack suffered from a heavy debt load; and the defendants failed to properly investigate the prudence of RadioShack stock.  The *RadioShack* plaintiffs also alleged that RadioShack believed its stock had no value, and derivative and equity markets predicted RadioShack would default, which are analogous to Plaintiffs' argument that Peabody's high Z-Score was a "special circumstance."  *Id.* at 11.

The Northern District of Texas rejected all five arguments, finding not one amounted to a "special circumstance" under *Dudenhoeffer*.  The plaintiffs' attempt to treat the withholding of non-public information as a "special circumstance" improperly "conflate[d] the analysis required of the separate legal standards to allege viable claims based on inside information and claims based on public knowledge."  *Id.* at 12.  The plaintiffs' argument about RadioShack's debt load, the court explained, was simply a recast "excessive risk" argument that also failed.  *Id.* at 15.  Likewise, the argument that the defendants' allegedly failed to investigate the prudence of RadioShack stock conflated the complaint's "breach of prudence claims with its duty to monitor claims."  *Id.*  Finally, the court rejected plaintiffs' arguments about the derivative and equity markets, explaining that "special circumstances" must affect the reliability of a company's stock price.  *Id.* at 14-15.

## C.    Conclusion

*Whitley* and *RadioShack* provide additional authority that the SAC does not meet the pleading requirements of *Dudenhoeffer*.  The SAC should be dismissed with prejudice.

**Ex. A**

Respectfully submitted, this 7th day of October, 2016.

/s/ James F. Bennett
James F. Bennett, #46826MO
Sheena R. Hamilton, #62921MO
DOWD BENNETT LLP
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
T: (314) 889-7300
F: (314) 863-2111
jbennett@dowdbennett.com
shamilton@dowdbennett.com

David Tetrick (admitted pro hac vice)
Darren A. Shuler (admitted pro hac vice)
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
T: (404) 572-4600
F: (404) 572-5100
dtetrick@kslaw.com
dshuler@kslaw.com

**Ex. A**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of October, 2016, a true and correct copy of the foregoing was electronically filed with the Court using the CM/ECF system, and service will be accomplished by means of the Notice of Electronic Filing that system will send to all participants in the case who are CM/ECF users, which includes the following counsel for plaintiffs:

Don R. Lolli, #56263MO
DYSART TAYLOR COTTER MCMONIGLE & MONTEMORE, P.C.
4420 Madison Avenue
Kansas City, MO 64111
T: (816) 931-2700
F: (816) 931-7377
dlolli@dysarttaylor.com

Edward W. Ciolko (*admitted pro hac vice*)
Donna Siegel Moffa (*admitted pro hac vice*)
Mark K. Gyandoh (*admitted pro hac vice*)
Julie Siebert-Johnson (*admitted pro hac vice*)
KESSLER TOPAZ MELTZER & CHECK LLP
280 King of Prussia Road
Radnor, PA 19087
T: (610) 667-7706
F: (610) 667-7056
eciolko@ktmc.com
dmoffa@ktmc.com
mgyandoh@ktmc.com
jsjohnson@ktmc.com

*/s/ James F. Bennett*

**Ex. A**