Peabody Energy Corporation, et al.
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

PRF 81247   12520982                005343
CLERK OF U.S. DISTRICT COURT
111 SOUTH 10TH STREET
ST. LOUIS MO 63102

001KC0001_81247-1_DOMESTIC_59893/005343/026711



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:

Peabody Energy Corporation, et al.,

Debtors.

Case No. 16-42529-399
CHAPTER 11

Jointly Administered

Hearing Date: March 16, 2017 at 10:00 a.m. Central Time

Objection Deadline: March 9, 2017

Hearing Location:
United States Courthouse
Thomas F. Eagleton Federal Building
5th Floor, North Courtroom
111 S. 10th Street
St. Louis, Missouri 63102

## NOTICE OF (I) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT SECOND AMENDED JOINT PLAN OF REORGANIZATION, (II) HEARING TO CONSIDER CONFIRMATION OF SECOND AMENDED JOINT PLAN OF REORGANIZATION AND (III) RELATED MATTERS

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. The above-captioned debtors and debtors in possession (collectively, the "Debtors") filed: (a) the *Second Amended Joint Plan of Reorganization of Debtors and Debtors in Possession* (Docket No. 2229) (as it may be supplemented, amended or modified, the "Plan") on January 27, 2017, and (b) the related *Second Amended Disclosure Statement with Respect to Second Amended Joint Plan of Reorganization of Debtors and Debtors in Possession* (Docket No. 2231) (as it may be supplemented, amended or modified, the "Disclosure Statement") on January 27, 2017.[1]

2. Pursuant to an order of the Court dated January 27, 2017 (Docket No. 2234) (the "Solicitation Procedures Order"), the Disclosure Statement and certain

---

[1] References to Exhibits and capitalized terms not otherwise defined in this Notice have the meanings given to them in the *Motion of the Debtors and Debtors in Possession for an Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Joint Plan of Reorganization, (III) Scheduling Hearing on Confirmation of Joint Plan of Reorganization and (IV) Approving Related Notice Procedures* (the "Motion") filed by the Debtors on December 22, 2016, or, if not defined therein, in the Plan. Copies of the Motion are available upon request from the Debtors' counsel.

-1-

related materials (collectively, the "Solicitation Materials") have been approved for solicitation of votes to accept or reject the Plan.

3. A hearing to consider the confirmation of the Plan (the "Confirmation Hearing") will be held before the Honorable Barry S. Schermer, United States Bankruptcy Judge, United States Courthouse, Thomas F. Eagleton Federal Building, 5th Floor, North Courtroom, 111 S. 10th Street, St. Louis, Missouri 63102 (the "Bankruptcy Court") on **March 16, 2017**, at **10:00 a.m., Central Time**.

4. Pursuant to the Solicitation Procedures Order, the Court approved certain procedures for tabulation of votes to accept or reject the Plan. If you are the holder of a Claim against one of the Debtors as of January 26, 2017 (the record date as established by the Solicitation Procedures Order) in a class entitled to vote on the Plan, you have received with this Notice a ballot form (a "Ballot") and voting instructions appropriate for your Claim as well as a copy of the Disclosure Statement and related solicitation materials. The following procedures apply with respect to voting your Claim:

a. Except as provided in subparagraph (b) below, for your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot and return the completed Ballot to the address indicated on the Ballot so that it is actually received no later than 5:00 p.m., Central Time, on March 3, 2017 (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote. *You are encouraged to read the voting instructions carefully and review the Disclosure Statement before you vote.*

b. IF YOUR CLAIM IS BASED ON OBLIGATIONS OWED UNDER A NOTE, SPECIAL VOTING PROCEDURES AND DEADLINES MAY APPLY. YOU ARE URGED TO READ CAREFULLY ALL INSTRUCTIONS RECEIVED WITH YOUR SOLICITATION MATERIALS TO ENSURE THAT YOUR BALLOT IS PROPERLY COMPLETED AND TIMELY SUBMITTED.

c. The procedures for tabulation of Ballots and Master Ballots (the "Tabulation Rules" are set forth in Exhibit C to the Solicitation Procedures Motion.

d. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of receiving Distributions under the Plan and is without prejudice to the rights of the Debtors in any other context, including the right of the Debtors to contest the amount, validity or classification of any Claim for purposes of allowance and Distribution under the Plan. If you wish to challenge (i) the classification of your Claim or (ii) the allowance of your Claim for voting purposes in accordance with the Tabulation Rules, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors' counsel identified below so that it is received by the later of (i) February 22, 2017 or (ii) ten (10)

days after the date of service of a notice of objection, if any, to your Claim. Unless the Court orders otherwise, your Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Tabulation Rules.

5.  Classes 3A – 3E (Other Secured Claims); 4A – 4E (Other Priority Claims); Classes 9A – 9E Claims (Intercompany Claims); and 12B – 12E (Subsidiary Debtor Interests) under the Plan are unimpaired and, therefore, are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code.[2] Classes 5D (General Unsecured Claims against Gib 1); 9A (Section 510(b) Subordinated Securities Claims); and 11A (PEC Interests) under the Plan are impaired, but will not receive any Distribution pursuant to the Plan and, therefore, consistent with section 1126(g) of the Bankruptcy Code, will be deemed to have rejected the Plan.[3] For the foregoing reasons, solicitation of Classes 3A – 3E; 4A – 4E; 5D; 9A – 9E; 10A; 11A; and 12B – 12E (collectively, the "Non-Voting Classes") under the Plan is not required, and no Ballots have been proposed for creditors and equity security holders in these classes. Each holder of a Claim or Interest in the Non-Voting Classes that is not a Debtor or an affiliate of a Debtor will receive a Notice of Non-Voting Status.

6.  In connection with confirmation of the Plan, the Debtors are seeking approval of certain releases, including releases of certain non-Debtor entities, that will become effective and binding on the Effective Date in accordance with the terms of the Plan and the Confirmation Order. The releases and exculpation provisions are as follows:

- **General Releases by Debtors and Reorganized Debtors.** Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, the Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Persons who may purport to claim by, through, for or because of them, will forever release, waive and discharge all Liabilities that they have, had or may have against any Released Party except with respect to obligations arising under the Plan; provided, however, that the foregoing provisions shall not affect the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct.

- **General Releases by Holders of Claims or Interests.** Without limiting any other applicable provisions of, or releases contained in, the Plan,

---

[2] Section 1126(f) of the Bankruptcy Code provides that "a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required." 11 U.S.C. § 1126(f).

[3] Section 1126(g) of the Bankruptcy Code provides that "a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g).

as of the Effective Date, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each holder of a Claim or Interest that (a) votes in favor of the Plan or (b) is conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code, to the fullest extent permissible under law, will be deemed to forever release, waive and discharge all Liabilities in any way relating to: (i) any Debtor; (ii) the Chapter 11 Cases; (iii) the Estates; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or consummation of any of the Plan (or the property to be distributed under the Plan), the Confirmation Exhibits, the Disclosure Statement, the Exit Facility, the Replacement Secured First Lien Term Loan (if applicable), the New Second Lien Notes (if applicable), the Additional First Lien Debt (if applicable), the Rights Offering and the Rights Offering Documents, the Private Placement and the Private Placement Documents, the Rights Offering Backstop Commitment Agreement, the Private Placement Agreement, the Amended Securitization Facility, the Gold Fields Liquidating Trust Agreement, any contract, employee pension or other benefit plan, instrument, release or other agreement or document related to any Debtor, the Chapter 11 Cases or the Estates created, modified, amended, terminated or entered into in connection with either the Plan or any agreement between the Debtors and any Released Party; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Confirmation Date in connection with Distributions made consistent with the terms of the Plan by any Disbursing Agent or Third Party Disbursing Agent, that such Person has, had or may have against any Released Party (which release will be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code); provided, however, that the foregoing provisions shall not affect the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct; provided, further, that the foregoing provisions shall not affect any rights to enforce the Plan, the Exit Facility, the Replacement Secured First Lien Term Loan (if applicable), the New Second Lien Notes (if applicable), the Additional First Lien Debt (if applicable), the Rights Offering and the Rights Offering Documents, the Private Placement and the Private Placement Documents, the Rights Offering Backstop Commitment Agreement, the Private Placement Agreement, the Amended Securitization Facility, the Gold Fields Liquidating Trust Agreement

or the other contracts, instruments, releases, agreements or documents to be, or previously, entered into or delivered in connection with the Plan.

- **Release of Released Parties by Other Released Parties.** From and after the Effective Date, except with respect to obligations arising under the Plan, the Exit Facility, the Replacement Secured First Lien Term Loan (if applicable), the New Second Lien Notes (if applicable), the Additional First Lien Debt (if applicable), the Rights Offering and the Rights Offering Documents, the Private Placement and the Private Placement Documents, the Rights Offering Backstop Commitment Agreement and the Private Placement Agreement, the Amended Securitization Facility, the Gold Fields Liquidating Trust Agreement, to the fullest extent permitted by applicable law, the Released Parties shall release one another from any and all Liabilities that any Released Party is entitled to assert against any other Released Party in any way relating to: (i) any Debtor; (ii) the Chapter 11 Cases; (iii) the Estates; (iv) the formulation, preparation, negotiation, dissemination, implementation, administration, Confirmation or consummation of any of the Plan (or the property to be distributed under the Plan), the Confirmation Exhibits, the Disclosure Statement, the Exit Facility, the Replacement Secured First Lien Term Loan (if applicable), the New Second Lien Notes (if applicable), the Additional First Lien Debt (if applicable), the Rights Offering and the Rights Offering Documents, the Private Placement and the Private Placement Documents, the Rights Offering Backstop Commitment Agreement, the Private Placement Agreement, the Amended Securitization Facility, the Gold Fields Liquidating Trust Agreement, any contract, employee pension or other benefit plan, instrument, release or other agreement or document related to any Debtor, the Chapter 11 Cases or the Estates created, modified, amended, terminated or entered into in connection with either the Plan or any agreement between the Debtors and any Released Party; or (v) any other act taken or omitted to be taken in connection with the Chapter 11 Cases, including, without limitation, acts or omissions occurring after the Confirmation Date in connection with Distributions made consistent with the terms of the Plan by any Disbursing Agent or Third Party Disbursing Agent; provided, however, that the foregoing provisions shall not affect the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct.

- **Exculpation.** From and after the Effective Date, except as otherwise specifically provided in the Plan or the Confirmation Order, to the fullest extent permitted by applicable law, the Released Parties shall neither have nor incur any liability to any Person or entity with

respect to any and all Claims and Causes of Action in connection with, relating to or arising out of the Chapter 11 Cases, including, without limitation, Claims and Causes of Actions relating to or arising out of acts or omissions occurring after the Confirmation Date in connection with Distributions made consistent with the terms of the Plan by any Disbursing Agent or Third Party Disbursing Agent, the restructuring of the Debtors, the formulation, negotiation, preparation, dissemination, implementation, administration, solicitation, Confirmation or consummation of the Plan, the Restructuring Term Sheet, the Disclosure Statement, the PSA, the settlements set forth in the Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan or in relation to the Plan, including, without limitation, the Confirmation Exhibits, the Exit Facility, the Replacement Secured First Lien Term Loan (if applicable), the New Second Lien Notes (if applicable), the Additional First Lien Debt (if applicable), the Rights Offering and the Rights Offering Documents, the Private Placement and the Private Placement Documents, the Rights Offering Backstop Commitment Agreement, the Private Placement Agreement, the Gold Fields Liquidating Trust Agreement, the issuance of the Reorganized PEC Common Stock, Rights Offering Equity Rights, Penny Warrants, Preferred Equity, LTIP Shares, the Amended Securitization Facility or any act taken or omitted to be taken in connection with or relating to any of the foregoing; *provided, however*, that the foregoing shall not affect the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct. Any of the foregoing parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

7. Objections, if any, to the confirmation of the Plan must: (a) be in writing, (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party, (c) state with particularity the basis and nature of any objection, and (d) be filed with the Court and served on the following parties **so that they are received no later than March 9, 2017**:

    a. the Debtors, c/o Peabody Energy Corporate Headquarters, 701 Market Street, St. Louis, Missouri 63101-1826 (Attn: Scott T. Jarboe, Esq.);

    b. counsel to the Debtors, Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn: Heather Lennox, Esq.) and Jones Day, 51 Louisiana Avenue, N.W., Washington, D.C. 20002-2113 (Attn: Amy Edgy, Esq. and Daniel T. Moss, Esq.); Armstrong Teasdale LLP, 7700 Forsyth Boulevard, Suite 1800, St.

Louis, Missouri 63105 (Attn: Steven N. Cousins, Esq. and Susan K. Ehlers, Esq.);

c. the Office of the United States Trustee, 111 South 10th Street, Suite 6.353, St. Louis, Missouri 63102 (Attn: Paul Randolph, Esq. and Leonora S. Long, Esq.);

d. counsel to the Creditors' Committee, Morrison & Foerster (Attn: Lorenzo Marinuzzi, Esq., Jonathan I. Levine, Esq., Jennifer L. Marines, Esq., and Daniel J. Harris, Esq.); Spencer Fane LLP (Attn: Ryan C. Hardy, Esq., Sherry K. Dreiseweard, Esq., Eric C. Peterson, Esq.);

e. counsel to Citibank, N.A. as Administrative Agent for the First Lien Agent of the First Lien Credit Agreement, Davis Polk & Wardwell LLP (Attn: Damian S. Schaible, Esq., Darren Klein, Esq. and Angela M. Libby, Esq.); Bryan Cave LLP (Attn: Lloyd A. Palans, Esq., Brian C. Walsh, Esq. and Laura Uberti Hughes, Esq.);

f. counsel to certain members of the ad hoc group of Second Lien Noteholders (the "*Ad Hoc* Group of Second Lien Noteholders"), Skadden, Arps, Slate, Meagher & Flom LLP (Attn: Jay M. Goffman, Esq. and Shana A. Elberg, Esq.);

g. counsel to certain members of the *Ad Hoc* Group of Second Lien Noteholders, Stinson Leonard Street LLP (Attn: John G. Young, Jr.);

h. counsel to certain members of the *Ad Hoc* Group of Second Lien Noteholders, Woods, Fuller, Shultz & Smith P.C. (Attn: Jordan J Feist);

i. counsel to certain members of the ad hoc group of Unsecured Senior Noteholders (the "*Ad Hoc* Group of Unsecured Senior Noteholders"), Kramer Levin Naftalis & Frankel LLP (Attn: Kenneth H. Eckstein, Esq., Andrew M. Dove, Esq. and Stephen D. Zide, Esq.);

j. counsel to certain members of the *Ad Hoc* Group of Unsecured Senior Noteholders, Kirkland & Ellis LLP (Attn: Stephen E. Hessler, Esq. and Melissa N. Koss, Esq.);

k. counsel to certain members of the *Ad Hoc* Group of Unsecured Senior Noteholders, Doster, Ullom & Boyle, LLC (Attn: Gregory D. Willard, Esq., John G. Boyle, Esq. and Alec L. Moen, Esq.);

l. counsel to Wilmington Savings Fund Society, FSB as trustee and collateral agent for the Second Lien Notes, Brown Rudnick LLP (Attn: Howard Steel, Esq.); Desai Eggman Mason LLC (Attn: Spencer P. Desai, Esq., Danielle Suberi, Esq. and Thomas H. Riske, Esq.);

  m counsel to Wilmington Trust Company as Indenture Trustee for the Unsecured Senior Notes, Foley & Lardner LLP (Attn: Douglas E. Spelfogel, Esq., Richard J. Bernard, Esq. and Mark L. Prager, Esq.); and

  n. counsel to the 2066 Subordinated Indenture Trustee, Emmet, Marvin and Martin, LLP (Attn: Thomas A. Pitta, Esq. and Edward P. Zujkowski, Esq.); The Sader Law Firm (Attn: Brad McCormack, Esq.)

  8. For purposes of filing pleadings in these cases, the address of the Court is Clerk's Office, 111 S. 10th Street, 4th Floor, St. Louis, Missouri 63102. Attorneys admitted to practice before the Court may also file pleadings on the Bankruptcy Court's Document Filing System (ECF) by completing and submitting the Electronic Filing Registration Form, available at http://www.moeb.uscourts.gov/cmecf.htm.

  9. Requests for copies of the Disclosure Statement and the Plan (excluding certain voluminous exhibits thereto) by parties in interest may be made in writing to Peabody Energy Corporation Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245. In addition, any party may review the Plan, the Disclosure Statement and related exhibits without charge at kccllc.net/peabody.

  10. If you have any questions concerning the Disclosure Statement, the Plan, your Ballot or the procedures for voting on the Plan, please contact the Claims and Balloting Agent (1) by telephone (A) toll free at (I) (866) 967-1783 or (II) (877) 833-4150 (for Master Ballot Agents), (B) for callers outside of the United States or Canada at (I) (310) 751 2683 or (II) (917) 281-4800 (for Master Ballot Agents), (C) for inquiries related to Australia for callers in Australia at 1300 386 742 or (D) for inquiries related to Australia for callers outside Australia at +61 3 9415 4613, (2) by email at peabodyinfo@kccllc.com; or (3) in writing at Peabody Energy Corporation Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.

  11. The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

